UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LEO OSWALD, | ) |
| Plaintiff, | ) Case No. 1:04-cv-830 |
| v. | ) Honorable Richard Alan Enslen |
| LARRY JULIAN, *et al.*, | ) |
| Defendants. | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has denied Plaintiff leave to proceed *in forma pauperis*, and Plaintiff now has paid the full filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants Julian, Granholm, Cox and Caruso for failure to state a claim. The Court will order service of Plaintiff's claims against Defendants Rubitschun and Kleinhardt.

**Discussion**

    I.        Factual Allegations

Plaintiff Robert Leo Oswald presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Carson City Correctional Facility. He currently is serving a term of 40 to 60 years, imposed by the Branch County Circuit Court on December 30, 1991, after a jury convicted Plaintiff of extortion, MICH. COMP. LAWS § 750.213, as a fourth felony offender, MICH. COMP. LAWS § 769.12.[1] Plaintiff sues State of Michigan Representative Larry Julian, MDOC director Patricia L. Caruso, Michigan Attorney General Michael A. Cox, Michigan Governor Jennifer Granholm, Michigan Parole Board Chairman John S. Rubitschun, and Parole Board Department Manager David Kleinhardt.

    The complaint, read liberally, alleges that on May 24, 2004, Defendant Rubitschun denied Plaintiff's request for a parole interview and advised him that he was not entitled to an interview until shortly before his earliest release date, then scheduled for August 24, 2024. Plaintiff claims that, under MICH. COMP. LAWS § 791.234 as it was written at the time he was sentenced, he is entitled to an interview after serving ten years and to additional interviews every five years thereafter. According to Plaintiff, Rubitschun improperly applied the current version of MICH. COMP. LAWS § 791.234 and MICH. DEP'T OF CORR., Policy Directive 06.05.104, rather than applying the statute and directives applicable at the time of his sentence. Plaintiff sent a letter seeking reconsideration of Rubitschun's determination and objecting to the improper, retroactive application of law that was enacted after the imposition of his sentence. Defendant Kleinhardt sent a response

---

[1]From Plaintiff's complaint and attachments, it appears that Plaintiff was convicted of the offense on December 15, 1988 and initially was sentenced on January 26, 1989. He subsequently was re-sentenced on December 30, 1991.

on July 19, 2004, advising Plaintiff that the changed statute applied to him. Kleinhardt further advised Plaintiff that, while he was correct that long, indeterminate prisoners previously were reviewed after ten years and each five years thereafter, prisoners were not entitled to relief before they had served their minimum sentences, even in the earlier statute. As a result, Kleinhardt rejected Plaintiff's complaints and advised him that he was not entitled to an interview until a few months prior to his earliest release date, then estimated at August 24, 2024.

Plaintiff alleges that Defendants are applying Michigan parole law enacted after the date of his sentence, in violation of the Constitution, presumably the *Ex Post Facto* Clause. He seeks declaratory and injunctive relief, specifically regular interviews with the parole board in accordance with the law under which he was sentenced.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make any allegations against Defendants Julian, Caruso, Cox and Granholm, except to say that he sent them identical letters complaining of the parole board's position

and that they failed to answer or address his problem. Plaintiff fails to allege unconstitutional conduct by Defendants Julian, Caruso, Cox and Granholm. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Further, a defendant may not be held liable under § 1983 merely because he or she failed to respond to a letter of complaint or denied a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." *Shehee*, 199 F.3d at 300 (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Arguably, Plaintiff also intends to suggest that Defendant Caruso, as Director of the MDOC, is responsible for the conduct of the parole board. However, as previously noted, a claimed constitutional violation must be based upon active unconstitutional behavior. *Shehee*, 199 F.3d at 300; *see also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to oversee the conduct of subordinates. *Monell v. Dep't of Soc. Sec.*, 436 U.S. 658, 691-92 (1977); *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

In sum, Plaintiff has failed to demonstrate that Defendants Julian, Caruso, Cox or Granholm engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### III. Service

Plaintiff's claims against the remaining Defendants appear to state a claim. Accordingly, service will be ordered as to Defendants Rubitschun and Kleinhardt.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action against Defendants Julian, Caruso, Cox and Granholm fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will order service on remaining Defendants Rubitschun and Kleinhardt.

An Partial Judgment and Order consistent with this Opinion will be entered.\**ok**

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 3, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |