UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT LEO OSWALD,

      Plaintiff,

Case No. 1:04-CV-830

v.

Hon. Richard Alan Enslen

LARRY JULIAN, *et al.*,

**OPINION**

      Defendants.

_____/

Plaintiff Robert Leo Oswald has objected to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of November 17, 2005. Said Report recommended that Defendants David Kleinhardt and John S. Rubitschun's Rule 12(b)(6) Motion for Dismissal be granted.[1] Oral argument is unnecessary in light of the briefing and issues raised.

**BACKGROUND**

Plaintiff is currently incarcerated by the Michigan Department of Corrections. He was convicted of extortion and of being a habitual felony offender (four-time felony offender) in the 1980s. He is currently serving an indeterminate sentence of 40 to 60 years.

Plaintiff's suit is brought pursuant to 42 U.S.C. § 1983. (Compl. 1.) He has sought declaratory and injunctive relief as to his treatment by the Michigan Parole Commission. (*Id.* 5.) Plaintiff argues that he is legally entitled to have his parole reviewed prior to the expiration of the minimum term of his sentence because such was the law at the time of his criminal conduct (July 10, 1984) and because the contrary treatment by the Parole Commission violates his rights under the

---

[1] Other named Defendants were previously dismissed by Partial Judgment of May 3, 2005. (Dkt. No. 9.)

Ex Post Facto Clause of the Constitution. (*See* U.S. Const. art. I, § 10.) Also pertinent to this issue is the question of whether Plaintiff's rights to different treatment by the Parole Commission have been previously adjudicated in a prior class action lawsuit. *See Shabazz v. Gabry*, 123 F.3d 909, 912 (6th Cir. 1997).

In his Objections, which can only be characterized as condescending, he asserts that the Magistrate Judge has fundamentally misunderstood the pertinent laws and its application to his sentence.

### **LEGAL STANDARDS**

Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The allegations must be construed in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). This standard is not empty, however. It requires more than the bare assertion of legal conclusions. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). A complaint need not anticipate defenses.

*Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). However, the complaint "'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The district court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## **LEGAL ANALYSIS**

This Court begins, as it must, with the United States Supreme Court's decision in *California Dep't of Corr. v. Morales* 514 U.S. 499 (1995). Therein, the Supreme Court considered an *ex post facto* challenge premised on the change in schedule for a convicted murderer from an annual parole hearing regime to a regime in which the parole commission had discretion to delay hearings up to three years. The Supreme Court said:

> [W]e have long held that the question of what legislative adjustments "will be held to be of sufficient moment to transgress the constitutional prohibition" *must* be a matter of "degree." *Beazell,* 269 U.S., at 171, 46 S.Ct., at 69. In evaluating the constitutionality of the 1981 amendment, we must determine whether it produces a sufficient risk of increasing the measure of punishment attached to the covered crimes. We have previously declined to articulate a single "formula" for identifying those legislative changes that have a sufficient effect on substantive crimes or punishments to fall within the constitutional prohibition, *see ibid.,* and we have no occasion to do so here. The amendment creates only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes, and such conjectural effects are insufficient under any threshold we might establish under the *Ex Post Facto* Clause. *See Dobbert, supra,* 432 U.S., at 294, 97 S.Ct., at 2299 (refusing to accept "speculation" that the effective punishment under a new statutory scheme would be "more onerous" than under the old one).

*Id.* at 509-10 (footnotes omitted).

As to the instant case, Plaintiff has too experienced several negative changes to the parole system which affected his rights to a parole interview and hearing. The most significant of these changes was considered previously by the Sixth Circuit in *Shabazz*, 123 F.3d at 912. *Shabazz* rejected a claim that prisoners such as Plaintiff (subclass 1 in *Shabazz*) had their *ex post facto* rights violated by longer waits for parole hearings caused by Michigan's 1992 statutory amendments. As noted by the Magistrate Judge, the effect of the statutory amendments discussed in *Shabazz* on Plaintiff has been largely theoretical because, given the longstanding wording of Michigan Compiled Laws § 791.233b(l), he has been precluded from receiving release on parole until the expiration of his minimum sentence less good time (of which he has none) since the time of his offense conduct. Given Plaintiff's 40-year sentence, Plaintiff is not eligible for release until August 2024. As such, the legislative changes discussed in *Shabazz* cannot form a basis for a finding of an *ex post facto* violation because Plaintiff has suffered no substantial harm as the result of those changes. *See also People v. Merriweather*, 527 N.W.2d 460, 464 (Mich. 1994). Furthermore, the Magistrate Judge's findings that the *Shabazz* holding collaterally estopped a contrary finding in this case is correct as to the statutory changes which were considered in *Shabazz*. It is not correct, however, as to statutory changes made after *Shabazz*. *See Foster-Bey v. Rubitschun,* 2005 WL 2010181, *5 (E.D. Mich. 2005).

As noted in the correspondence in this suit (Compl., Ex. M), there have been statutory changes since *Shabazz* (effective in 2000) which further reduced Plaintiff's rights to a parole hearing and affected his right to a parole hearing. *Compare* 1999 Mich. Leg. Serv., Pub. Act No. 191, § 44 subsec. 6 (West Nov. 24, 1999) (effective Mar. 10, 2000) (striking "or for a term of years" from subsection providing hearing schedule) and 1998 Mich. Leg. Serv., Pub. Act. No. 315, § 34 subsec.

4

6 (West. July 30, 1998) (specifying pre-amendment version). This change in law has affected Plaintiff in that he can no longer have a parole hearing until he has served his minimum sentence (until August 2024), though it has not affected his non-existent right to parole release until the minimum term is served.

Notwithstanding, this change in practice is wholly laudatory because it eliminated both a waste of resources and a procedure (affording hearings to prisoners who were statutorily ineligible for parole release) which was bound to only confuse and frustrate prisoners. While the *Shabazz* Court did not consider this change in law, it did consider an earlier parallel problem–the reductions of parole hearings for inmates with life sentences who were statutorily ineligible for parole (though eligible for pardon or clemency by the Governor). *Shabazz*, 123 F.3d at 914 n.11. As to such prisoners, the *Shabazz* Court held that retroactive application of the statute did not violate their *ex post facto* rights. *Id.* The same conclusion is warranted in this case as to the elimination of Plaintiff's right to a parole hearing at times when his statutory eligibility for parole is a distant hope. Such a change is much less substantial than the changes at issue in *Morales* and does not provide a basis for a finding of a constitutional violation. Accordingly, Plaintiff's claims are properly dismissed.

Finally, the Court overrules any objection by Plaintiff that the Magistrate Judge used the wrong version of the pertinent statutes or misunderstood their import. Plaintiff's offense conduct occurred on July 10, 1984, which is the pertinent date for analysis purposes.[2] Plaintiff cites to his Exhibit A, which is what he believes was the pertinent statutory version of Michigan Compiled Laws

---

[2]Some of Plaintiff's arguments talk about the law at the time of his arrest, which is not pertinent. The pertinent comparison is between the current law which the State wishes to apply and the law at the time of the offense conduct. *See Shabazz*, 123 F.3d at 912.

§ 791.234 for analysis purposes.  (*See* Objections, Ex. A.)   However, he apparently either did not read or comprehend the codification notes on the bottom of page 415 of the Exhibit, which notes indicate that this codification included statutory changes made by Public Acts in 1992 and 1994. (*Id.*)  The Court has separately verified the July 10, 1984 versions of the pertinent code sections, which were earlier specified in Michigan Public Acts 1982, No. 314, § 34 (specifying language of Mich. Comp. Laws § 791.234) and No. 458, § 33b (specifying language of Mich. Comp. Laws § 791.233(b)).  The Magistrate Judge's recitation of the pertinent law was correct.

For the reasons given above, the Court also will certify that an appeal of this Judgment would not be taken in good faith.  *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

## **CONCLUSION**

For the reasons given, Judgment shall enter dismissing this suit with prejudice and certifying that an appeal would not be taken in good faith.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 20, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |